THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Complainants-Appellants, v. ARCHER DANIELS MIDLAND CORPORATION, Respondent-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS *et al.*, Complainants-Appellees, v. ARCHER DANIELS MIDLAND CORPORATION, Respondent-Appellant.

Third District   Nos. 3—85—0222, 3—85—0224 cons.

Opinion filed January 17, 1986.—Modified on denial of rehearing March 5, 1986.

Neil F. Hartigan, Attorney General, of Springfield (Jill Wine-Banks, Solicitor General, of Chicago, and Vincent W. Moreth and James L. Morgan, Assistant Attorneys General, of Springfield, of counsel), for the People and Illinois Environmental Protection Agency.

F. Louis Behrends, of Peoria, for Archer Daniels Midland Corporation.

JUSTICE WOMBACHER delivered the opinion of the court:

This appeal was taken from an order of the Illinois Pollution Control Board (hereinafter the Board) rejecting a settlement agreement submitted by the Illinois Environmental Protection Agency (hereinafter the State) and Archer Daniels Midland Corporation (hereinafter ADM) in an enforcement action under the Illinois Environmental Protection Act (Ill. Rev. Stat. 1983, ch. 111½, par. 1001 *et seq.*) (hereinafter the Act). The Board ruled that it lacks authority to accept settlement agreements where there is no admission by the respondent of a violation of the Act. The question of the correctness of the Board's ruling was certified for interlocutory appeal. We reverse.

The complaint filed with the Board alleged that on or about April 14, 1983, ADM discharged benzene in a concentration of approximately 300 parts per million into the Illinois River in violation of section 12(a)

of the Act. The complaint also alleged that ADM thereby conducted a hazardous waste disposal operation without a Resource Conservation Recovery Permit in violation of section 21(f) of the Act and that ADM allegedly constructed, installed, operated and modified equipment without the necessary agency permits in violation of sections 9(a) and (b) of the Act and 35 Illinois Administrative Code, sections 201.142 and 201.143.

At the hearing, the parties submitted a stipulation and statement of facts and proposal for settlement to the Board. The stipulation included a conditional statement of facts to which the parties agreed only for purposes of settlement and only if the Board accepted the stipulation in its entirety. ADM neither admitted nor denied the allegations in the complaint. ADM agreed to undertake certain compliance measures and to pay a penalty.

The Board rejected the settlement agreement on the grounds that its authority to order the payment of a penalty under sections 33(b) and 42(a) of the Act is premised on a finding of violation, and that the payment of a penalty in the absence of such a finding would constitute a "voluntary contribution," which the Board is not authorized to accept on the part of the State. Since it maintains that it lacks the authority to enter a penalty order under these circumstances, the Board contends that any such order would be unenforceable.

Arguing for reversal of the Board's order, the State and ADM assert that the Board's role in approving settlement agreements is to determine whether the goals of the Act are met, *i.e.*, environmental damage is minimized or eliminated, adverse environmental effects are considered and their costs are borne by those who cause them. (Ill. Rev. Stat. 1983, ch. 111½, par. 1002.) The parties are in agreement that, historically, the Board has accepted and approved settlement agreements where the respondent did not admit any violations. (*Environmental Protection Agency v. Marquette Cement Co.* (1982), 45 Ill. P.C.B. 245 (No. 77—25); *Environmental Protection Agency v. SCM Corp.* (1980), 37 Ill. P.C.B. 449 (Nos. 78—329, 79—96); *Environmental Protection Agency v. TeePak, Inc.* (1975), 15 Ill. P.C.B. 277 (No. 72—81); *Environmental Protection Agency v. GAF Corp.* (1972), 5 Ill. P.C.B. 553 (No. 72—50); *Environmental Protection Agency v. Granite City Steel* (1972), 4 Ill. P.C.B. 347 (No. 70—34).) The standard which the Board utilized in the foregoing cases was whether the settlement agreement was a reasonable resolution of the matter and adequately protected the environmental concerns of the State. *Environmental Protection Agency v. Marquette Cement Co.* (1982), 45 Ill. P.C.B. 245 (No. 77—25).

We find that, under the Act, the Board is empowered to resolve enforcement actions brought before it under the Act. As an administrative agency, the Board has the inherent authority to do all that is reasonably necessary to execute its specifically conferred statutory power. (*A.E. Staley Manufacturing Co. v. Environmental Protection Agency* (1972), 8 Ill. App. 3d 1018, 290 N.E.2d 892.) Accordingly, we hold that a finding of a violation is not required before the Board may approve a settlement agreement.

Compliance with the Board's orders is not rendered voluntary due to the lack of a finding of a violation, because the Act provides a mechanism for enforcement in section 33(d), which provides that:

"All orders issued and entered by the Board pursuant to this section shall be enforceable by injunction, mandamus, or other appropriate remedy, in accordance with Section 42 of this Act." (Ill. Rev. Stat. 1983, ch. 111½, par. 1033(d).)

Section 42(a) of the Act provides that:

"Any person that violates any provisions of this Act or any regulation adopted by the Board, or any permit or term or condition thereof, or that violates any determination or order of the Board pursuant to this Act, shall be liable to a civil penalty of not to exceed $10,000 for each violation and an additional civil penalty of not to exceed $10,000 for each day during which violation continues; ***." (Ill. Rev. Stat. 1983, ch. 111½, par. 1042(a).)

Moreover, under section 33(b) of the Act, the Board may require posting of a performance bond or other security to assure the correction of a violation within the time prescribed. Ill. Rev. Stat. 1983, ch. 111½, par. 1033(b).

Finally, the public interest is better served by a procedure which encourages respondents to enter into settlement discussions and negotiations by which respondents may avoid the stigma of finding a violation, and assist the State in effectuating the goals of the Act in those cases where the proof is tenuous or difficult to establish. By allowing the State and respondents to reason together, the result will conserve resources which would otherwise be expended in litigation.

For the foregoing reasons, the order of the Illinois Pollution Control Board is hereby reversed and remanded for proceedings consistent with the opinions expressed herein.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.